# SAPIR | SCHRAGIN PLLC
### AN EMPLOYMENT LAW FIRM

399 Knollwood Road, Suite 310
White Plains, New York 10603
TEL (914) 328-0366
FAX (914) 682-9128
hschragin@sapirschragin.com
www.sapirschragin.com

Howard Schragin, Esq.
Donald L. Sapir (Ret.)

## MEMO ENDORSED

February 19, 2025

**VIA ECF**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

*Plaintiffs are directed to respond to this letter no later than February 24, 2025.*

*SO ORDERED.*

*2/19/2025*

Re:    **Alexandra Pullman,** *et al.* **v. Dana Collins,** *et al.*
       **Case No. 24-cv-01383-KMK-JCM**
       **Our File No. 9192-0001**

Dear Judge Karas:

We represent Defendants in this action. We write, pursuant to Federal Rules of Civil Procedure 26(c), seeking a stay of discovery pending the resolution of Defendants' Motion to Dismiss the Second Amended Complaint. Plaintiffs' counsel opposes this motion.

### Relevant Procedural Background.

The original Complaint in this case was filed on February 23, 2024. Alexandra Pullman, Ariana Milanese and Jaclyn Knanishu were the original named Plaintiffs. Plaintiffs alleged individual and collective/class claims under the Fair Labor Standards Act (FLSA) and New York State Labor Law (NYSLL) for unpaid minimum wage, unpaid training time, unpaid overtime, unpaid tips, unpaid spread of hours pay and failure to provide lunch breaks. Plaintiffs Pullman and Milanese also allege pregnancy discrimination and retaliation claims under the New York State Human Rights Law ("NYSHRL") and NYSLL.

Hon. Kenneth M. Karas, U.S.D.J.
February 19, 2025
Page 2

On April 29, 2024, Defendants wrote to counsel and the Court proposing to move to dismiss the original Complaint. On September 25, 2024, Plaintiffs filed their First Amended Complaint adding Melissa Dinsmore as a named Plaintiff. In addition to the wage and hour claims, Plaintiff Dinsmore asserts claims for discrimination, harassment and retaliation in violation of the NYSHRL and NYSLL and defamation. On September 26, 2024, Defendants again sought to dismiss the First Amended Complaint. On December 27, 2024, Plaintiffs filed their Second Amended Complaint. On January 29, 2025, Defendants formally moved to dismiss the Second Amended Complaint. In particular, Defendants moved to dismiss the First Claim for Relief (Fair Labor Standards Act – Overtime Wages); Second Claim for Relief (New York Labor Law – Unpaid Overtime); Third Claim for Relief (New York Labor Law Wages, Including Overtime); Fourth Claim for Relief (New York Labor Law – Record Keeping Violations); Fifth Claim for Relief (Unjust Enrichment); Sixth Claim for Relief (New York Labor Law – Failure to Pay Spread of Hours Wages); Seventh Claim for Relief (Notice & Wage Statement Violations – NYLL §195); Eighth Claim for Relief (Pregnancy and Gender Discrimination) (Milanese); Ninth Claim for Relief (Pregnancy and Gender Discrimination) (Pullman); Tenth Claim for Relief (Aiding and Abetting Violations under the New York State Human Rights Law); Eleventh Claim for Relief (New York Labor Law); Twelfth Claim for Relief (New York State Human Rights Law – Retaliation for Engaging in Protected Activity); Thirteenth Claim for Relief (For Sexual Harassment, and Gender Discrimination under New York State Human Rights Law – Plaintiff Dinsmore); and Fifteenth Claim for Relief (FLSA-Retaliation).

Defendants did not move to dismiss Plaintiffs' unpaid tip claims or Plaintiff Dinsmore's retaliation and defamation claims.[1]

## Defendants' Motion to Stay

A court may grant a motion to stay discovery for good cause. *Broccoli v. Ashworth*, No. 21-CV-6931 (KMK), 2023 U.S. Dist. LEXIS 186714 (S.D.N.Y. Oct. 11, 2023). "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Broccoli*, 2023 U.S. Dist. LEXIS 186714, at *2-3.

**A.    The Breadth of Discovery Sought and The Burden of Responding Weighs in Favor of a Stay**. On January 31, 2025, Plaintiffs served their initial discovery requests. Plaintiffs served forty-five (45) interrogatories seeking information dating back to 2013 and well beyond the restrictions of Local Rule 33.3. Plaintiffs served one hundred and

---

[1] If the Court is inclined to deny Defendants' motion for a discovery stay, then discovery should be limited solely to the unpaid tip claims for the individual Plaintiffs. Plaintiff Dinsmore's retaliation and defamation claims stand on different grounds and a discovery stay should nevertheless be granted for the reasons set forth below.

Hon. Kenneth M. Karas, U.S.D.J.
February 19, 2025
Page 3

seven (107) document requests also seeking documents dating back to 2013. A copy of Plaintiffs' discovery requests is attached here as Exhibit A (Interrogatories) and Exhibit B (Document Requests). Defendants for their part served equally voluminous discovery requests – twenty-four (24) interrogatories and one hundred thirty (130) document requests – given the broad, comprehensive and wide-ranging nature of the claims in this case (four named plaintiffs, 15 causes of action, 61page, 378 paragraph Second Amended Complaint). While Plaintiffs oppose this motion, the reality is that a stay benefits them as well given the burden of the discovery required by Defendants to defend against these claims.

Plaintiffs seek discovery: (1) about all four named Plaintiffs including individualized discrimination, harassment and retaliation claims which itself is burdensome; (2) on a yet to be certified class/collective; (3) covering two restaurants; (4) covering a time period dating back to 2013; and (5) across disparate and distinct legal theories, including federal and state wage and hour claims and individualized discrimination and retaliation claims. The discovery sought by Plaintiffs includes widespread class merits discovery even though there has been no class certification. Defendants should not be forced to engage in class merits discovery without a class certified and with the majority of the class claims subject to dismissal. Given the nature and scope of Plaintiffs' discovery requests, motion practice is likely to follow, and Defendants should not be forced to engage in discovery motion practice on claims which will eventually be dismissed. *See Giminez v. Law Offices of Hoffman & Hoffman*, No. CV 12-0669 (JFB)(ETB), 2012 U.S. Dist. LEXIS 96168, at *6 (E.D.N.Y. July 11, 2012) (granting motion for stay, in part, because of potential discovery motion practice).

Additionally, the nature of the discrimination claims, and discovery needed for discovery claims is distinct from the wage and hour discovery and given the pending motions, it will be prejudicial to Defendants to have to undertake discrimination discovery while the motion is pending. The scope and breadth of discovery in the face of a meritorious motion to dismiss which will eliminate the majority of Plaintiffs' claims and class or collective which has yet to be certified and may never be certified given the individualized nature of the allegations in this case warrants a stay of discovery.

Further, even though Defendants did not move to dismiss Plaintiff Dinsmore's retaliation and defamation claims, discovery on these claims should still be stayed because there is a pending criminal case against her directly related to this lawsuit (it is the entire underpinning of her retaliation and defamation claims) which will: (1) affect the availability of relevant documents and discovery including potential limitations on lines of questioning in her deposition because of Fifth Amendment considerations; (2) lead to motion practice because of these issues (*see Giminez* 2012 U.S. Dist. LEXIS 96168); (3) determine the continuing viability of her retaliation claims depending on the resolution of her criminal case (*i.e.*, if she is convicted she will not have a viable retaliation or defamation claim); and (4) create a number

Hon. Kenneth M. Karas, U.S.D.J.
February 19, 2025
Page 4

of logistical issues impeding the completion of discovery if she is convicted and sentenced to prison/jail. There will be no risk of prejudice to Plaintiff Dinsmore if a stay is granted. In fact, we would argue that a stay would be beneficial to her so that she can focus on her criminal case with far more serious implications (*i.e.*, her freedom) than the monetary claims at stake here.

      **B.**    **The Strength of the Underlying Motion Weighs in Favor of a Stay**. As set forth in Defendants' Motion to Dismiss:[2]

      (1) Plaintiff Pullman's and Milanese's pregnancy discrimination claims should be dismissed because they failed to plead sufficient facts to demonstrate that their pregnancies (three in the case of Plaintiff Milanese) in which they were granted leave and returned to work were causally related to the termination of their employment or that they suffered any other adverse action because of their pregnancies;

      (2) Plaintiffs' newly added sexual harassment claims should be dismissed because Defendants cannot be held liable for the conduct of co-workers under the NYSHRL;

      (3) Plaintiff Dinsmore's two incidents of isolated alleged sexual harassment by an unidentified customer and unidentified co-worker should be dismissed because they are insufficient to support a harassment/hostile work environment claim under the NYSHRL and there is no plausible allegation to hold Defendants responsible for co-worker conduct;

      (4) the aiding and abetting claims against the individual Defendants should be dismissed because Plaintiffs have not established a viable discrimination claim against Defendants which is a prerequisite for an aiding and abetting claim, and have not sufficiently pleaded that the individual Defendants participated in or shared discriminatory intent with the alleged harassers;

      (5) Plaintiff Milanese's NYSLL retaliation claim should be dismissed because she has set forth nothing more than conclusory allegations that her employment was terminated in retaliation for complaints of wage violations without any evidence as to when she complained, who she complained to and what she complained about;

      (6) Plaintiffs' overtime claims should be dismissed because they have failed to allege a *prima facie* wage violation in that they have failed to allege (i) employer coverage under the FLSA, (ii) their regular rate of pay; (iii) their weekly schedule, (iv) the days and times they worked; (v) the time periods in which they are owed overtime; (vi) the overtime hours worked,

---

[2] Defendants refer the Court to their pending Motion to Dismiss for a more detailed analysis of the merits of their motion. Defendants summarize the arguments here for purposes of this motion.

Hon. Kenneth M. Karas, U.S.D.J.
February 19, 2025
Page 5

and (vii) the overtime hours unpaid, and in those instances in which they did, their own allegations prove that they did not work more than 40 hours in a workweek; and

(7) Plaintiffs' other wages – unpaid training time, spread of hours pay and not receiving break and meal periods – should be dismissed because other than conclusory allegations they have wholly failed to allege sufficient facts to support these claims with respect to: (i) how often and when they worked more than ten hours in a day; (ii) how often and when they were not permitted to take lunch breaks; (iii) how often and when they were required to train new employees without pay; (iv) how many hours they claim are owed; and (v) how much they were paid per hour or weekly to calculate any owed spread of hours pay or wages.

**C.    There is no Prejudice to Plaintiffs by Granting this Stay**. The fact that this will delay discovery pending the motion is not dispositive here. *Broccoli*, 2023 U.S. Dist. LEXIS 186714, at *6 ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay.") (citing *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709, 2018 U.S. Dist. LEXIS 70418, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018)). There are no statutes of limitations issues, so Plaintiffs' claims are preserved even if discovery is stayed. Any argument that opt-in Plaintiffs, if any, claims are diminishing with the passage of time is also not dispositive because Plaintiffs have also alleged a NYSLL class action which would cover the same employees and a longer period of time. As noted above, the stay actually benefits Plaintiffs as well.

For the foregoing reasons, Defendants request that the Court grant its motion to stay, together with such other relief as the Court deems just and proper.

Thank you for your attention to this submission.

Respectfully submitted,

Howard Schragin

HTS/aa

cc:    Brooke Youngwirth, Esq. (*via* ECF)
       Counsel for Plaintiffs