UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDRA PULLMAN, *individually and behalf of all other persons similarly situated*, *et al.*,

                                 Plaintiffs,

                  -v-

DANA COLLINS, *et al.*,

                                 Defendants.

No. 24-CV-1383 (KMK)

ORDER DENYING STAY

---

KENNETH M. KARAS, United States District Judge:

On February 19, 2025, Defendants filed a letter motion requesting a stay of discovery, pursuant to Federal Rule of Civil Procedure 26(c), pending the resolution of Defendants' Motion to Dismiss the Second Amended Complaint. (*See* Dkt. No. 43 (the "Motion").) For the reasons set forth below, the Motion is denied.

I. Background

Plaintiffs initiated the instant Action on February 23, 2024. (*See* Dkt.) After the Parties' Proposed Case Management Plan was adopted by the Court, (*see* Dkt. Nos. 21–22; Dkt. (minute entry for Sept. 19, 2024)), the Parties commenced discovery. On September 25, 2024, Plaintiffs filed a First Amended Complaint. (*See* Dkt. No. 26.) After requesting and receiving leave to amend, (*see* Dkt. Nos. 28–35), Plaintiffs filed a Second Amended Complaint on December 27, 2024, (*see* Dkt. No. 40). Defendants filed a Partial Motion to Dismiss the Second Amended Complaint on January 29, 2025. (*See* Dkt. No. 41.)

Defendants filed the instant Motion on February 19, 2025. Plaintiffs opposed by letter on February 24, 2025. (*See* Dkt. No. 45 ("Pls Opp'n").) A few days later, Defendants submitted a

Reply. (*See* Dkt. No. 46 ("Reply").) After the Court held a conference regarding the Motion, (*see* Dkt. (minute entry for Mar. 11, 2025)), and per the Court's request, the Parties filed additional letters regarding the status of Plaintiff Dinsmore's pending criminal matters, (*see* Dkt. Nos. 50–51).

## II. Discussion

Defendants are requesting the Court stay discovery pending the resolution of their Partial Motion to Dismiss. Specifically, Defendants ask that discovery be stayed on Claims One through Thirteen and Claim Fifteen, as asserted in the Second Amended Complaint. (*See* Mot. 2; *see also* SAC ¶¶ 260–358, 365–78.)[1] Further, although Defendants did not move to dismiss Plaintiff Dinsmore's defamation and retaliation claims, as asserted in Claims Fourteen and Fifteen in the Second Amended Complaint, (*see* SAC ¶¶ 359–78), Defendants also request that a discovery stay be granted on those claims pending the resolution of Plaintiff Dinsmore's pending criminal proceedings, (*see* Mot. 2 n.1, 3–4).

For the reasons set forth below, the Motion is granted as to discovery on Plaintiff Dinsmore's claims and is denied as to all other claims.

### A. Stay of Discovery as to All Plaintiffs

Although, in general, "[a] motion to dismiss does not automatically stay discovery," "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Rule] 26(c)." *K.A. v. City of New York*, No. 16-CV-4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (citation omitted); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "The party seeking the stay . . . must

---

[1] Defendants did not move to dismiss Plaintiffs' unpaid tip claims and are not seeking to stay discovery regarding those claims. (*See* Mot. 2 n.1.)

establish good cause for the stay." *Broccoli v. Ashworth*, No. 21-CV-6931, 2023 WL 6795253, at *1 (S.D.N.Y. Oct. 11, 2023) (citation and internal quotations omitted); *accord Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Idle Media, Inc. v. Create Music Grp., Inc.*, 24-CV-805, 2024 WL 2946248, at *3 (S.D.N.Y. June 11, 2024); *see also K.A.*, 2022 WL 3996710, at *2 (same).

The Court concludes that these factors weigh against staying discovery on Claims One through Thirteen, and Claim Fifteen, during the pendency of Defendants' Partial Motion to Dismiss.

First, as to the breadth and burden of discovery, Defendants' arguments are primarily that: (i) the discovery sought (107 document requests and 45 interrogatories) is "voluminous," (Mtn. 2–3); and (ii) some of Plaintiffs' claims (i.e., those for discrimination and harassment) will require depositions, rather than just document discovery, (Reply 2). However, Defendants have not articulated exactly *how* engaging in this discovery would unduly burden them, particularly as the discovery sought covers multiple Plaintiffs and is below the amount allowed under the rules. *See* Fed. R. Civ. P. 33(a) (allowing up to 25 interrogatories per party). Moreover, as Plaintiffs note, Defendants have not attempted to negotiate or limit the scope of discovery, including the amount of individual document requests or interrogatories that can be served, or attempted to negotiate a timeline or scope for any potential depositions. (*See* Pls' Opp'n 3–4.) Further, Defendants are not moving to dismiss Plaintiffs' unpaid tip claims, (*see* Mtn. 2), and have not explained why the discovery necessary for those claims would not be duplicative of the discovery necessary for Plaintiffs' other claims, as Plaintiffs assert it would, (*see* Pls' Opp'n

3

3–4). Accordingly, this factor weighs against Defendants. *See Mirra v. Jordan*, No. 15-CV-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (denying a stay where "[t]he defendant does not identify any burden associated with the production, other than asserting that the plaintiff's requests seek extensive documents related to a wide variety of issues," and noting "[t]hat the plaintiff made 119 document demands, by itself, does not demonstrate that the plaintiff's document requests are voluminous and burdensome, since that is not an unusual number of requests in an action such as this one") (internal quotations omitted); *Guiffre v. Maxwell*, No. 15-CV-7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (denying motion for stay where the proposed discovery "does not reach such a wide-breadth that good cause for a stay exists" and where "[a]ny objections to individual discovery requests can be dealt with accordingly, and are not proper grounds for a Rule 26 protective order").

    Second, as to the strength of the underlying motion to dismiss, it appears that at least some of Plaintiffs' claims may survive the motion to dismiss. Specifically, based on the current record, it is possible that Plaintiffs have plausibly pled claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"). (*E.g.*, SAC ¶¶ 42–54, 89–91.) *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 112 (2d Cir. 2023) ("Where [the p]laintiffs plausibly allege that they worked more than forty hours per week as part of their regularly scheduled workweek, they have adequately stated a claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours."). This factor thus also weighs against Defendants. *See Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17-CV-6334, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying stay where, "even if [the d]efendants succeed on the merits of [certain] argument[s] . . . it would not dispose of all of [the p]laintiff's claims"); *Guiffre*, 2016 WL 254932, at *2 (denying motion for stay where, "[w]ith strong arguments on both sides" in favor

4

of and opposing a motion to dismiss, "[the d]efendant's argument does not rise to a level of the requisite 'strong showing' that [the p]laintiff's claim is unmeritorious").

Third, Plaintiffs face potential prejudice from the stay. As Plaintiffs point out, the FLSA has a two-year statute of limitations (three years for willful violations). (*See* Pls' Opp'n 2 (citing 29 U.S.C. § 255(a)).) Because Plaintiffs seek to certify a conditional class, any additional delay in discovery reduces the time that potential opt-in plaintiffs could join the conditional class. (*See* Pls' Opp'n 1–2.) Although Defendants assert that because "the [New York State Labor Law ("NYSLL"] . . . has a six-year statute of limitations" "any claims that potential collective members have under the FLSA are mirrored and preserved under the NYSLL," Defendants provide no authority for that proposition. (*See* Reply 2.) Moreover, even if there were no potential prejudice to Plaintiffs, lack of prejudice alone "does not justify a stay," if "[g]ood cause [has] not otherwise having been shown." *Guiffre*, 2016 WL 254932, at *2. Because the other factors weigh against a stay, this factor does not favor Defendants.

Thus, Defendants' Motion is denied as to Claims One through Thirteen and Count Fifteen as to all Plaintiffs except for Plaintiff Dinsmore.

B. <u>Stay of Discovery as to Plaintiff Dinsmore</u>

Plaintiff Dinsmore, however, is a different matter. Defendants also seek to stay discovery related to Plaintiff Dinsmore's retaliation and defamation claims due to the pending criminal case against Plaintiff Dinsmore. (*See* Mtn. 2.)

"Although the Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings, th[e] Court may nonetheless decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Weidinger v. Djokic*, No. 22-CV-8388, 2023 WL 4106274, at *2 (S.D.N.Y. June 21, 2023) (quotation marks and

citation omitted) (alterations adopted); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) ("[T]he Constitution, rarely, if ever, *requires* such a stay." (emphasis in original); *id.* ("A defendant has no absolute right not be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." (citation omitted)); *Abraham v. Aquilone*, No. 11-CV-5947, 2012 WL 1820869, at *1 (S.D.N.Y. May 15, 2012) ("There exists no constitutional requirement that civil proceedings be stayed pending the outcome of criminal proceedings." (citation omitted)).

The Second Circuit has noted that "a stay of a civil case to permit conclusion of a related criminal prosecution [is] . . . an extraordinary remedy." *Louis Vuitton*, 676 F.3d at 98 (internal quotations marks omitted) (alterations in original) (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134. 1139 (S.D.N.Y. 1995)). "The [party] seeking a stay bears the burden of establishing its need." *Id.* at 97 (internal quotations marks and citation omitted). "Courts in this district have generally agreed that a stay is not appropriate absent an indictment or special circumstances." *Bernard v. Lombardo*, No. 16-CV-863, 2017 WL 2984022, at *3 (S.D.N.Y. June 9, 2017) (citation omitted).

"In determining whether to stay a civil proceeding pending resolution of an ongoing criminal proceeding, courts in this Circuit consider such factors as (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, (3) the private interests of and burden on the defendants, (4) the private interests of the plaintiffs, (5) the interests of the courts, and (6) the public interest." *Weidinger*, 2023 WL 4106274, at *2 (citing *Louis Vuitton*, 676 F.3d at 99).

Here, per the Parties' representations, while the original felony charges brought against Plaintiff Dinsmore have been reduced to misdemeanors in the Town of Pleasant Valley Court,

(*see* Dkt. No. 50 at 1), the Dutchess District Attorney's Office has recently submitted a Prosecutors Information alleging sixteen additional Class A misdemeanor charges against Plaintiff Dinsmore, (*see* Dkt. No. 51 at 1). Those new charges are expected to go to trial "over the summer, likely in August." (*See id.*) Given this information, the Court agrees that a stay is warranted here.

First, "[t]he most important factor at the threshold is . . . the degree to which the civil issues overlap with the criminal issues." *In re 650 Fifth Ave.*, No. 08-CV-10934, 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) (internal quotation marks and citation omitted). Here, Defendants argue that "[Plaintiff] Dinsmore's wrongful termination claims . . . will be heavily dependent, if not entirely dependent, on the outcome of the criminal proceeding." (Dkt. No. 51 at 2.) Plaintiffs do not argue that there is *not* an overlap between the civil and criminal proceedings—indeed, they concede that the "charges were based on a false affidavit of [Defendant Collins] in retaliation for [Plaintiff Dinsmore's] protected conduct." (Pls' Opp'n 5.) Accordingly, because "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter," this factor weighs in favor of a stay. *In re 650 Fifth Ave.*, 2011 WL 3586169, at *3 (alteration in original) (citation omitted); *see Weidinger*, 2023 WL 4106274, at *3 ("Parallel cases substantially overlap when they arise from the same facts and involve nearly identical issues." (internal quotation marks and citation omitted)).

Further, the status of the criminal proceeding weighs in favor of a stay. "A court's decision to grant a stay based on the status of one's criminal proceeding should be guided by 'whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility.'" *Weidinger*, 2023 WL 4106274, at *3 (quoting *Louis Vuitton*, 676 F.3d at 100

7

n.14)).  Here, the criminal proceeding against Plaintiff Dinsmore "has advanced beyond the investigation phase and a criminal complaint has been filed against [her]."  *Id.*  Moreover, because a trial is likely to occur this summer, "the criminal action against [her] is neither 'remote' nor 'hypothetical.'"  *Id.* (quoting *Louis Vuitton*, 676 F.3d at 100, n.14).  Accordingly, the status of the criminal proceeding weighs in favor of a stay.  *See Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*, No. 21-CV-1418, 2022 WL 125801, at *4 (E.D.N.Y. Jan. 13, 2022) ("The strongest argument for granting a stay is where, as here, a civil party is under criminal indictment and simultaneously proceeding to trial on those charges." (internal quotation marks and citation omitted)).

Third, as to the potential prejudice to Plaintiff Dinsmore, the overlap between the civil and criminal proceedings creates "a significant risk that discovery . . . could result in [Dinsmore] being forced to choose between admitting to conduct with implications in [her] criminal case on the one hand, and foregoing available defenses in this action or creating an adverse inference with respect to [Defendants'] civil claims on the other."  *Weidinger*, 2023 WL 4106274, at *4; *see In re Worldcom, Inc. Sec. Litig.*, No. 02-CV-3288, 2002 WL 31729501, at *7 (S.D.N.Y. Dec. 5, 2002) (noting "[t]here can be little doubt that an indicted defendant ordinarily faces a very substantial risk of self-incrimination if he chooses to defend against civil charges," and that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify" (internal quotation marks and citation omitted)).  Thus, this factor also weighs in favor of a stay.

Fourth, Plaintiffs do not offer any reason why Plaintiff Dinsmore would be prejudiced by a stay, (*see generally* Pls' Opp'n; Dkt. No. 50), and moreover, the stay Defendants seek is limited

8

in time by virtue of the pending criminal trial.  *See Weidinger*, 2023 WL 4106274, at *4 (granting a stay that is "limited in time by the duration of [a] deferred prosecution agreement").

       Finally, the remaining factors—the public interest and the interest of the Court—also weigh in favor of granting a stay.  Although the Court certainly has "its own well-recognized interest in disposing 'of the [cases] on its docket with economy of time and effort for itself,'" *Louis Vuitton*, 676 F.3d at 104 (citation omitted), "the Court weighs its own interest in judicial economy and in the efficient resolution of its cases," *Sec. & Exch. Comm. v. Pirello*, No. 23-CV-8953, 2024 WL 456828, at *8 (E.D.N.Y. Feb. 5, 2024).  Further, because "the conviction of a civil defendant . . . can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation," *In re WorldCom, Inc. Sec. Litig.*, 2002 WL 31729501, at *8, and because "[t]he effective enforcement of our nation's criminal laws and the preservation of the integrity of the process of criminal prosecution is of paramount importance," *Pirello*, 2024 WL 456828, at *8 (citation omitted), a stay pending the "criminal prosecution [may] serve to advance the public interests" as well as those of the Court, *id* (citation omitted).

### III. Conclusion

       Accordingly, the Court finds that discovery on Plaintiff Dinsmore's claims should be stayed during the pendency of her criminal trial.  The Parties are directed to update the Court as to the status of the criminal proceedings within thirty days of the resolution of the trial or dismissal of the charges.

       The Court denies Defendants' Motion as to discovery on all other Claims, and directs the Parties to proceed with discovery according to the agreed-upon schedule.

The Clerk of the Court is respectfully directed to terminate the pending motion. (Dkt. No. 43.)

SO ORDERED.

DATED:   April 3, 2025
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE