UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALEXANDRA PULLMAN, JACLYN
KNANISHU, ARIANNA MILANESE, and
MELISSA DINSMORE, individually and on
behalf of all other persons similarly situated who
were employed by DEFENDANTS,

                Plaintiffs,

        -against-

DANA COLLINS and KEVIN COLLINS,
individually and in their representative capacities,
and TWEEGS, INC. d/b/a MELZINGAH TAP
HOUSE and ROONIES, INC. d/b/a PUBLICK
HOUSE 23, and all related entities, successors,
and assigns,

                Defendants.
-------------------------------------------------------X

**ORDER**

24 Civ. 1383 (JCM)

Plaintiffs Alexandra Pullman, Jaclyn Knanishu, Arianna Milanese, and Melissa Dinsmore

("Plaintiffs") brought this action alleging violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201, *et seq.*, the New York Labor Law ("NYLL"), §§ 190, *et seq.*, and 650, *et seq.*,

the New York Human Rights Law ("NYSHR"), N.Y. Exec. L. §§ 296, *et seq.*, and state

common law. (Docket No. 40). Defendants denied these allegations. (Docket No. 71).

The parties have now submitted for the Court's review both a Wage and Hour Settlement

Agreement ("Agreement") discontinuing the FLSA claims, (Docket No. 94), accompanied by a

joint letter in support of the Agreement, (Docket No. 91).[1]  On May 22, 2026, the parties

---

[1] The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C.
§ 636(c) on March 6, 2026. (Docket No. 84).

submitted under seal a separate, confidential agreement resolving the remaining discrimination and retaliation claims ("Confidential Agreement"). (Docket No. 93).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

This case has been contentiously litigated from its inception, and the parties engaged in three separate mediation sessions before resolving this matter. The parties originally participated in a mediation with the Southern District of New York's Mediation Program on July 2, 2024, and was unsuccessful in settling the case. Then, over a year later, I conducted two settlement conferences on December 8, 2025 and December 17, 2025, which resulted in the settlement agreement presently before the Court. Based on my extensive knowledge of this case, and my consideration of the Agreement, the letter in support, and the separate Confidential Agreement, I find the Agreement was the product of arm's-length negotiations between able counsel and that the terms of the Agreement are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the

proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted).

The Court also reviewed the Confidential Agreement for the limited purpose of determining whether its terms "inappropriately affect the terms of the FLSA agreement." *See Torres v. McGowan Builders*, 18-CV-6099 (RML), 2020 WL 5369056, at *2 (E.D.N.Y. Sept. 8, 2020). They do not. Furthermore, the Court finds that, under the specific circumstances of this case, a bifurcated settlement is acceptable. *See Ortiz v. Breadroll, LLC,* 16-CV-7998 (JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017)("[T]he Court observes that there is authority for a bifurcated settlement agreement, in which the parties submit their FLSA agreement for court review and approval on the public record, but enter into a separate and confidential agreement with respect to the counterclaims."); *see also Yunda v. Safi-G, Inc.,* No. 15-CV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. April 28, 2017); *Gallardo v. PS Chicken, Inc.,* 285 F. Supp. 3d 549 (E.D.N.Y. 2018).

Accordingly, the Court approves the settlement.

The Clerk is respectfully requested to close the case.

Dated:  May 26, 2026
       White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

- 3 -